UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


MICHAEL WAYNE HILL,

    Plaintiff,

v.                                                    Case No. 3:20cv5814-LC-HTC

ESCAMBIA COUNTY
SHERIFFS OFFICE, et al.,

    Defendants.
_____/

<u>REPORT AND RECOMMENDATION</u>

Plaintiff Michael Wayne Hill, proceeding *pro se*, initiated this action by filing a complaint, seeking to assert claims under 42 U.S.C. § 1983 (ECF Doc. 1), and paying the requisite filing fee. For the reasons discussed below, the undersigned recommends his case be dismissed *sua sponte* as frivolous and without leave to amend. Even under the most liberal reading, Plaintiff's allegations are illogical, fanciful, and delusional. Thus, allowing Plaintiff an opportunity to more carefully craft his complaint would be futile.

**I.    Background**

On September 10, 2020, Plaintiff initiated this action by completing the "Complaint for Violation of Civil Rights" form for a pro se non-prisoner, which he self-titled "Complaint for Spoliation of Evidence." ECF Doc. 1 at 1. Although

Plaintiff identifies only one defendant in the case style, in the body of the complaint, Plaintiff names three (3) defendants: the Escambia County Sheriff's Office, the Florida Governor's Office, and the U.S. Department of Justice.  *Id.* at 2-3.  Plaintiff asserts these Defendants violated his "right to life."  *Id.*

> Plaintiff's facts, in its entirety, are as follows:
>
> Dear Sirs, I am a returning floridian [sic] recovering from a devastating event that includes home envation, [sic] inappropriate medical conduct, and biometric fraud.  In my attempts to gather my inportant [sic] documents I am finding deviations of reality.

*Id.* at 4.  Under the cause of action section, Plaintiff lists "fraud and intentional falsification of records" as well as "biometric fraud [and] diversification of reality." *Id.* at 7.  Plaintiff seeks "$1,000,000,000.00 for loss of intellectual property" and "injuries . . . related to absence of memory." *Id.* at 5.

## II.    Discussion

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that each averment be "concise, and direct," Fed. R. Civ. P. 8(e)(1).  As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As an initial matter, Plaintiff's complaint falls considerably short of these pleading requirements. Plaintiff's complaint contains allegations without any legal or factual support or basis in reality. His allegations are not tied to any individual or any of the Defendants named. The undersigned cannot discern anything from Plaintiff's complaint that qualifies as a short and plain statement of a federal claim or even the basis of this Court's jurisdiction.[1] In other words, even when read liberally in Plaintiff's favor, Plaintiff's allegations do not state a cause of action. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Moreover, this Court cannot "rewrite" Plaintiff's complaint "in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Indeed, not only does the Plaintiff's complaint fail under Rule 8, but the complaint is patently frivolous. A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325

---

[1] "Where there are pro se pleadings with allegations so sparse as to raise the question of whether a federal cause of action even exists, the preferred approach is to find that the claim is not so frivolous as to warrant dismissal for lack of federal question jurisdiction but to dismiss for failure to state a claim under Rule 12(b)(6)." *Bradley v. JP Morgan Chase Bank Nat. Ass'n*, 2013 WL 5278654, at *1 (M.D. Ga. Sept. 18, 2013).

(1989). Plaintiff's allegation of "biometric fraud" is simply nonsensical. He makes no rational argument in law or facts to support his claim for relief. Additionally, Plaintiff names defendants who are not state actors or who are not "persons" subject to liability under 42 U.S.C. § 1983.

"A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under the color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir.1992). However, "States or governmental entities that are considered 'arms of the State'" are not proper defendants because they are not "persons" within the meaning of the statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); s*ee also*, *Wilk v. St. Lucie Cnty. Fla. Sheriff Office*, 740 F. App'x 658, 662 (11th Cir. 2018) (citing *Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995)) ("Under Florida law, sheriff's offices lack the legal capacity to be sued."). The Escambia County Sheriff's Office and Florida Governor's Office are not "persons" under Section 1983, and thus are not subject to suit for a constitutional violation. *Will*, 491 U.S. at 70.

Also, the Department of Justice is a federal (rather than state) agency, and thus is not a "state actor" under § 1983. "Although Section 1983 applies only to state

officials, *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), provides a parallel remedy for the deprivation of rights by a federal official." *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010).  However, the proper defendants in a *Bivens* claim are the federal officers who allegedly violated the plaintiff's rights, not the federal agency who employs the officers.  *See, e.g., FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994).

Even if the Court were to allow Plaintiff to amend his complaint to identify a "person" under § 1983, state employees and officials are immune from liability for monetary damages for claims alleged against them in their official capacities.  *See Will*, 491 U.S. at 66 (1989) ("The Eleventh Amendment bars such suits [against a State] unless the State has waived its immunity . . . .").  Likewise, the Department of Justice is unquestionably an agency of the United States, and the Federal Government has not waived its sovereign immunity.  28 U.S.C.A. § 501 (West); *Balser v. Department of Justice*, 327 F.3d 907 (9th Cir.2003).

Thus, although Plaintiff is not proceeding *in forma pauperis*, a *sua sponte* dismissal of the complaint is nonetheless appropriate.  *See Tate v. Burke*, 131 F.R.D. 363, 365 (D.C. 1990) (applying § 1915's frivolity standard to a *pro se* complaint even though plaintiff was not proceeding *in forma pauperis*, and dismissing the action *sua sponte*).  Courts in the Second Circuit, for example, have not hesitated to

dismiss *sua sponte* claims brought by fee-paying *pro se* plaintiffs when it is clear such claims "presen[t] no arguably meritorious issue for [the courts'] consideration." *See e.g., Pillay v. INS,* 45 F.3d 14, 17 (2d Cir.1995) (holding appellate court has authority to *sua sponte* dismiss a frivolous appeal brought by a fee-paying *pro se* plaintiff); *Rolle v. Berkowitz*, 2004 WL 287678, at *2 (S.D. NY Feb. 11, 2004) (dismissing frivolous claims sua sponte even for a fee paying pro se plaintiff). Indeed, an "early evaluation of the potential merits of a pro se litigant's claim is very important because initial screening by the court can eliminate patently frivolous actions." *See e.g., Gonzalez v. Citicorp Credit Srvcs., Inc.*, 2015 WL 13776794 (S.D. Fla. May 18, 2015), adopting report and recommendation, 2015 WL 13776795 (June 22, 2015).

Finally, although the Court should generally not dismiss a case without allowing the Plaintiff an opportunity to amend, the undersigned finds that the defects in the complaint are simply incurable, and leave to amend would be futile. Moreover, because this is a recommendation for dismissal, Plaintiff will be provided an opportunity to respond prior to dismissal. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted) (before dismissing an action *sua sponte*, the court must ensure that it employs a procedure that is fair, which generally includes "provid[ing] the plaintiff with notice of its

intent to dismiss or an opportunity to respond"); *see also, Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment).

Accordingly, it is respectfully RECOMMENDED that,

1.   Plaintiff's complaint (ECF Doc. 1) be dismissed.

2.   The clerk be directed to close this file.

Done in Pensacola, Florida, this 3rd day of November, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**